**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANET CHAFIN, | Civil Action |
| Plaintiff, | No.   2:23-cv-011 |
| v. | |
| FORBES ROAD CAREER & TECHNOLOGY CENTER, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Janet Chafin, by undersigned counsel, files this Civil Complaint, and in support

states the following:

### I. Jurisdiction

1.      Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §

1331.

2.      Plaintiff has exhausted the administrative remedies set forth under   the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, as follows:

      a.   On February 22, 2022, she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination, and cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

      b.   On October 12, 2022, the EEOC issued a Notice of Right to Sue; and

      c.   Plaintiff filed this action within 90 days of receipt of that Notice.

### II. Parties

3.      Plaintiff, Janet Chafin, is an adult female individual who resides at 241 Spartan

Drive, Monroeville, Pennsylvania 15146.

4.      Defendant, Forbes Road Career & Technology Center, is a non-profit corporation

1

with a principal place of business located at 607 Beatty Road, Monroeville, Pennsylvania 15146.

5.      In 2021, Defendant employed more than 20 employees for each working day for at least 20 weeks of the calendar year.

### III. Factual Background

6.      Chafin was employed by Defendant as Instructional Assistant from August of 2003 to September of 2022.

7.      Throughout her time with Forbes, Chafin applied for both Secretary and Recruitment promotions and/or new positions.

8.      In 2021, Forbes posted an available position for Secretary. Chafin applied to that position.

9.      The Secretary position was considered a promotion from the Instructional Assistant Position.

10.      At the time Chafin applied for the Secretary position, she was 59 years old, and nearly 60 years old.

11.      Forbes received Chafin's resume, interviewed her, and had her complete a test to evaluate her abilities.

12.      Chafin asked during the interview if she had the skills to do the job of Secretary, and she was told yes.

13.      Chafin was not hired for the position, despite having superior education and familiarity with the school and the systems it uses.

14.      The Secretary job was first offered to a much younger candidate, who scored lower on her ability test than Chafin.

15.      Within one week, the first successful candidate quit the job of Secretary, sighting

lack of support and inability to do the job.

16.     Chafin restated her interest in the position, contacted the hiring parties to reapply, and asked that she be given a chance to do now open job.

17.     Instead, the position was offered to another significantly younger woman, who turned down the job offer as she had already accepted something else.

18.     Then, the position was offered to a yet a third significantly younger woman, who accepted the job.

19.     The second and third younger candidates who were offered the job had significantly less education than Chafin, with the second candidate having a high school diploma and the third having an Associate's degree. Chafin has a Bachelor of Science degree.

20.     All three of the candidates who were offered the Secretary position had no experience with Defendant, whereas Chafin had 19 years of experience with Defendant.

<h2 style="text-align:center">COUNT I<br>ADEA: Age Discrimination</h2>

21.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 20 as if fully restated.

22.      Defendant failed to promote Chafin because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

23.      But for Chafin's age, Defendant would have promoted her to Secretary.

24.     Defendant's failure to promote Chafin because of her age was willful.

25.     As a direct and proximate result of Defendant's failure to promote or hire Chafin, she has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Chafin demands judgment against Defendant and requests that

the Court order the following relief:

    a.  Payment of back pay to compensate her for lost wages;

    b.  Instatement into the Secretary position, or front pay if instatement is not feasible;

    c.  Liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

    d.  Reasonable attorneys' fees and costs;

    e.  Such other legal or equitable relief which this Court finds just and proper.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Mark Johnson
Mark Johnson
Pa. I.D. No. 308296
Christine T. Elzer
Pa. I.D. 208157

100 First Avenue
 Suite 1010
Pittsburgh, PA 15222
(412) 230-8436

Attorneys for Plaintiff